```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA           :        CRIMINAL ACTION
                                   :
         v.                        :
                                   :
CLARENCE CURRY                     :        NO. 08-41-7


MEMORANDUM

Bartle, J.                                        December 20, 2011

Defendant Clarence Curry has moved for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based on the recent amendments to the Sentencing Guidelines which lowered the base offense levels for cocaine base, that is, crack sentences.

On December 7, 2009, Curry pleaded guilty to one count of an indictment which charged him with possession of more than five grams of crack with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The offense carried a five year mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(B). Based on the amount of crack involved and his criminal history, he faced a Guidelines Sentence of 87 to 108 months.

Curry pleaded guilty pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Both he and the Government agreed and stipulated to a five year sentence. The plea agreement made no reference to the Sentencing Guidelines range of 87 to 108 months. The court accepted the plea agreement and imposed on Curry a five-year term of imprisonment.

Under 18 U.S.C. § 3582(c)(2), the court may reduce a sentence under certain circumstances when the Sentencing Commission has retroactively amended a Guideline to lower a sentencing range. It provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

See also USSG § 1B1.10. The relevant amendment here is part A of Amendment 750 which altered the offense levels in § 2D1.1 applicable to crimes involving crack cocaine.

Curry's sentence, however, did not rest on § 2D1.1 but rather on the stipulation in the Rule 11(c)(1)(C) plea agreement which provided for a five-year sentence. The Criminal Judgment noted that the sentence "was outside the advisory sentencing guideline system," and recorded "mandatory minimum sentence imposed."

In Freeman v. United States, 131 S. Ct. 2685 (2011), the Supreme Court had before it the question whether a defendant who signed and was sentenced pursuant to a plea agreement under Rule 11(c)(1)(C) was eligible for a reduced sentence based on a retroactive amendment to the Sentencing Guidelines. Four members of the Court concluded that the Court of Appeals for the Sixth Circuit had erred in holding that a defendant, barring a

miscarriage of justice or mutual mistake, could not benefit from the amendment. Four justices would have affirmed. Justice Sotomayor, while agreeing that the judgment of the Court of Appeals should be reversed did so on narrower grounds than her four colleagues who also voted to reverse. She explained that a Rule 11(c)(1)(C) sentence is always based on the plea agreement, not the Sentencing Guidelines. However, if the agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment," a defendant must be allowed the benefit of a retroactive Guidelines amendment. Id. at 2697-98. This may occur if the plea agreement calls for a sentence "within a particular Guidelines sentencing range," or if the agreement calls for a specific prison term that is "based on" the Guidelines range. Id. On the other hand, if the agreed-upon sentence is not grounded on a Guidelines range, the defendant is barred from obtaining a reduced jail term based on a retroactive amendment to the Guidelines.

While there is no majority opinion in Freeman, we adopt the reasoning of Justice Sotomayor.[1] Here, the plea agreement did not use a Guidelines range to establish the agreed-upon term

---

1. Where the is no majority opinion, "the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." Marks v. United States, 430 U.S. 188, 193 (1977) (quoting Gregg v. Georgia, 428 U.S. 153, 169 n.15 (1976). The Court of Appeals for the Fourth Circuit has determined that, pursuant to Marks, Justice Sotomayor's concurring opinion expresses the holding in Freeman. United States v. Brown, 653 F.3d 337, 339-40 & n.1 (4th Cir. 2011); see also United States v. King, No. 07-260-1, 2011 U.S. Dist. LEXIS 126070, at *4-*5 & n.1 (D.N.H. Oct. 28, 2011).

of imprisonment.  Nor was a Guidelines range evident.  The plea agreement never even mentioned the otherwise applicable Guidelines range of 87 to 108 months.  Rather, Curry's sentence, which was set forth in the plea agreement and which the court and the parties deemed appropriate under Rule 11(c)(1)(C), was 60 months, which coincided with the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B).

Accordingly, the motion of defendant for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) will be denied.